UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,<br><br>Plaintiff,<br><br>v.<br><br>ROSALIE GUANCIONE,<br><br>Defendant. | Case No.  5:22-cv-04894-EJD<br><br>**ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO FILE RESPONSE; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT**<br><br>Dkt. Nos. 3, 18, 22, 24 |

The Court ordered *pro se* Defendant Rosalie Guancione to show cause why this action should not be remanded for lack of removal jurisdiction. *See* Dkt. No. 18. The order instructed Ms. Guancione to file a response by October 21, 2022. *Id.* On October 20, 2022, Ms. Guancione filed a motion for extension of time to file a response and for expedited discovery, informing the Court that she had not received the Order to Show Cause in the mail until October 20, 2022 and seeking an additional 10 days to respond. Dkt. No. 22. Ms. Guancione subsequently responded on October 24, 2022, before the Court considered her request. Dkt. No. 24. As a threshold matter, the Court **GRANTS in part** and **DENIES in part** Ms. Guancione's motion; the Court grants her request for an extension of time to respond to the Order to Show Cause but denies her request for expedited discovery. For the reasons discussed below, the Court **GRANTS** Ms. Guancione's motion to proceed in forma pauperis and **DISMISSES** this action in its entirety.

I.    **REMOVAL**

On August 26, 2022, Ms. Guancione purportedly "removed" this proceeding from the California Department of Motor Vehicles ("DMV") Administrative Court pursuant to 28 U.S.C.

§§ 1441 and 1443, and crossclaimed for deprivation of her civil rights under 42 U.S.C. § 1983, conspiracy to deprive her right to travel under 42 U.S.C. §§ 1985 and 1986, and alleging violations of her First, Fourth, Fifth, Seventh, and Fourteenth Amendment rights after the DMV suspended her driver's license following a car accident. Dkt. No. 1. In her response to the Order to Show Cause, Ms. Guancione contends that the Court has original jurisdiction over the alleged claims but acknowledges that "[t]he Cross Complaint is an action that was never in state court and therefore cannot be remanded to state court." Dkt. No. 26 at 2. Ms. Guancione maintains that the Complaint and Cross-Complaint were originally filed in this Court. However, the case docket and Ms. Guancione's civil cover sheet indicate that this action was removed from the California DMV Administrative Court. *See* Notice of Removal, Dkt. No. 1; Civil Cover Sheet, Dkt. No. 1-2.

The removal statute authorizes removal of actions that are brought in a state court of which a district court has original jurisdiction. 28 U.S.C. § 1441(a). The California DMV is a state administrative agency and not a state court, and thus Ms. Guancione's "removal" of the action to this Court was improper. *Oregon Bureau of Lab. & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 417, 419 (9th Cir. 2002) (holding that § 1441(a) does not authorize removal of proceedings from an administrative agency even if it conducts "court-like proceedings.").

Accordingly, the Court finds that it lacks removal jurisdiction over this action.

## II.   MOTION TO PROCEED IN FORMA PAUPERIS

On August 26, 2022, Ms. Guancione also moved to proceed in forma pauperis ("IFP"). Dkt. No. 3. Pursuant to 28 U.S.C. § 1915(a), any federal court may authorize a plaintiff to prosecute an action without prepayment of fees or security where the plaintiff submits an affidavit detailing their assets and averring that plaintiff is unable to pay. The Court has reviewed Ms. Guancione's IFP application and finds that she satisfies the economic eligibility requirement. Dkt. No. 3. Accordingly, Plaintiff's request to proceed IFP is **GRANTED**.

"However, the Court has a continuing duty to dismiss a case filed without the prepayment

of the filing fee under § 1915(a) whenever it determines that the action is '(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'" *Kimner v. Koh*, No. 21-CV-07107-VKD, 2021 WL 5410140, at *1 (N.D. Cal. Oct. 7, 2021) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)–(iii)), *report and recommendation adopted*, No. 5:21-CV-07107-EJD, 2021 WL 5410141 (N.D. Cal. Oct. 28, 2021), *aff'd*, No. 21-CV-16932, 2022 WL 2340436 (9th Cir. June 29, 2022); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). A complaint must set forth "enough facts to state a claim to relief that is plausible on its face," otherwise it must be dismissed for failure to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

As discussed above, this action was improperly removed from the California DMV Administrative Court. Therefore, the Court lacks jurisdiction over the suit.

### A.    Plaintiff's Cross-Complaint

Ms. Guancione's Notice of Removal refers to several alleged violations of her constitutional rights. Ms. Guancione also filed a separate document titled "Complaint in Law for Damages due to Discrimination and Denial of Rights." *See* Dkt. No. 4. She subsequently filed a Request for judicial notice filed as a "Cross-Complaint." *See* Dkt. No. 7. These filings identify the DMV, the Ventura Police Department, Officers Garcia and Orozco, multiple employees of the DMV, and Ventura resident Mr. Sean Lim as "cross defendants." Dkt. Nos. 4, 7.

As discussed previously, the Court lacks removal jurisdiction over this suit. It follows that the Court also lacks jurisdiction over the cross complaint against the DMV, the Ventura Police Department, Officers Garcia and Orozco, the named employees of the DMV, and Mr. Sean Lim. Furthermore, the cross-claims are not legally cognizable for the reasons discussed below.

#### 1.    Claims Against the California DMV

All of Ms. Guancione's cross claims against the DMV are not legally cognizable because the DMV has immunity as a state agency under the Eleventh Amendment. *Franceschi v.*

Case No.: 5:22-cv-04894-EJD
ORDER GRANTING IN PART MOT. FOR EXTENSION OF TIME TO FILE RESP.;
GRANTING MOT. TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPL.
3

*Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Gonye v. California Dep't of Motor Vehicles*, No. 21-CV-05223-BLF, 2021 WL 3473932, at *1 (N.D. Cal. July 28, 2021) (finding that plaintiff's claims against the DMV are barred by the Eleventh Amendment) (citing *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003)). Eleventh Amendment immunity "bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state" and "also extends to suits against a state agency." *Gonye*, 2021 WL 3473932, at *1 (quoting *Harris v. Bus., Transp. & Hous. Agency*, No. 07-CV-0459-PJH, 2007 WL 1140667, at *6 (N.D. Cal. Apr. 17, 2007). A state agency may waive immunity where it clearly and expressly consents to suit in federal court. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990). Because the California DMV has not consented to be sued in federal court, the Court finds that Ms. Guancione has failed to state a claim upon which relief can be granted and accordingly **DISMISSES** all claims against the DMV. *Gonye*, 2021 WL 3473932, at *1.

### 2. Claims Against DMV Employees

Ms. Guancione also brings cross-claims against Mr. Stangis and Mr. Leland, employees of the California DMV, in their individual and official capacities. Dkt. No. 4 at 3. "[S]tate officials may be sued in their official capacity under [42 U.S.C.] § 1983 [or § 1985, 1986] for prospective relief or in their individual capacity for any type of relief." *Fenili v. California DMV*, No. 97-CV-2868-FMS, 1998 WL 328619, at *2 (N.D. Cal. June 17, 1998). "A person deprives another of a constitutional right under § 1983 only if he 'does an affirmative act, participates in another's affirmative acts,' or fails to perform a legally required duty which '*causes* the deprivation of which' the plaintiff complains." *Fenili*, 1998 WL 328619, at *3 (quoting *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988) (emphasis in original)).

Ms. Guancione's cross-complaint is completely devoid of any specific allegations or facts that tie Mr. Stangis or Leland to the harm alleged in either their individual or official capacities. Ms. Guancione's claims against Defendants Stangis and Leland are therefore **DISMISSED**.

Case No.: 5:22-cv-04894-EJD
ORDER GRANTING IN PART MOT. FOR EXTENSION OF TIME TO FILE RESP.; GRANTING MOT. TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPL.
4

### 3. Claims Against Mr. Lim

Ms. Guancione names Mr. Lim, an individual who resides in Ventura, in her cross-complaint but does not allege any facts that could give rise to a cause of action against him. She states only that Mr. Lim "is an individual involved in the nucleus of facts in this case." Dkt. No. 4 at 4. In her affidavit Ms. Guancione indicates that she was involved in a car accident in which Mr. Lim was the other driver and that this accident resulted in the subsequent suspension of her license. Affidavit, Dkt. No. 1-1 at 7. However, the complaint does not allege a viable cause of action for which relief can be granted against Mr. Lim; to the extent that Ms. Guancione has made any allegations against Mr. Lim they are **DISMISSED**.

### 4. Claims Against the Ventura Police Department and Individual Officers

Turning to the cross-claims against the remaining defendants, Ms. Guancione names Officers Garcia and Orozco with the Ventura Police Department as well as the Ventura Police Department in her complaint.

Ms. Guancione alleges that "two individuals who were acting as federal agents…. Wrote a communication initiating the termination of Cross Complainant's ability to operate her motor vehicle." Dkt. No. 4 ¶¶ 8-9. However, Ms. Guancione does not identify the federal agents described in her complaint, and from the face of her complaint it does not appear that she has named any defendants who are federal agents. In her affidavit she states that Officers Garcia and Orozco were the officers who arrived at the scene of her accident and alleges that Officers Garcia and Orozco did not document the facts of the accident correctly in their police report due to their bias against her age, race, gender, and disability. Dkt. No. 1-1 ¶¶ 81-118. However, the Court cannot assume that these two municipal officers identified in her affidavit are the unnamed "federal agents" alluded to in Ms. Guancione's complaint. Moreover, at no point does Ms. Guancione make any specific allegations against the Ventura Police Department.

Accordingly, Ms. Guancione's claims against Officers Garcia and Orozco and the Ventura Police Department are **DISMISSED**.

Case No.: 5:22-cv-04894-EJD
ORDER GRANTING IN PART MOT. FOR EXTENSION OF TIME TO FILE RESP.;
GRANTING MOT. TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPL.
5

### III. CONCLUSION

For the reasons discussed above, Ms. Guancione's motion to proceed in forma pauperis is **GRANTED**, and her action is **DISMISSED** because the Court lacks removal jurisdiction. Further, the claims against the California DMV are **DISMISSED WITH PREJUDICE**. The remaining cross-claims against the named DMV employees, Sean Lim, Officers Garcia and Orozco, and the Ventura Police Department are **DISMISSED WITHOUT PREJUDICE** to assert them in a separate lawsuit.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 3, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-04894-EJD
ORDER GRANTING IN PART MOT. FOR EXTENSION OF TIME TO FILE RESP.;
GRANTING MOT. TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPL.
6